# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13cv304

| | |
|---|---|
| **TERRI L. HORTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **ORDER** |
| Vs. | ) |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER** is before the court upon the parties' cross motions for summary judgment (## 11, 13). Having considered the motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

**I.  Administrative History**

Plaintiff filed an application for a period of disability and Social Security Disability Insurance benefits on May 21, 2011, alleging that she became disabled on February 1, 2011. Plaintiff's application was denied, and a hearing was held on January 4, 2013. On January 11, 2013, the ALJ issued a partially favorable decision, finding that Plaintiff was not disabled prior to December 9, 2012, but as of that date, Plaintiff was disabled as an individual of advanced age. R. at 22. The Appeals Council denied Plaintiff's request for review and affirmed the ALJ's decision, making such decision the final decision of the Commissioner. Plaintiff subsequently filed this action.

**II.  Factual Background**

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

  a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

  b. An individual who does not have a "severe impairment" will not be found to be disabled;

  c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulation No. 4, a finding of "disabled" will be made without consideration of vocational factors;

  d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

  e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)—(f). In this case, the Commissioner determined plaintiff's claim at the fourth and fifth step of the sequential evaluation process.

### C. The Administrative Decision

The Commissioner issued a partially-favorable determination in that Plaintiff was not disabled from February 1, 2011, the disability onset date until December 9, 2012, when Plaintiff's age category changed thereby becoming disabled. First, the Commissioner determined that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) but was subject to the following limitations:

> [Plaintiff] can frequently, but not constantly, use her bilateral upper extremities for handling and fingering; she must avoid concentrated exposure to hazards, such as dangerous machinery and unprotected heights; she is limited to tasks that can be learned in less than thirty days involving no more than simple work-related

decisions with few work place changes (unskilled work); she cannot cave constant interaction with the public, coworkers or supervisors.

R. at 19.

Having determined that Plaintiff was not disabled prior to her becoming a person of advanced age, the Commissioner proceeded to the fifth step of the sequential process to determine whether during the period of "non-disability" jobs existed in significant numbers in the national economy that Plaintiff could have performed. That is, the Commissioner considered whether from February 1, 2011, the disability onset date, to December 9, 2012, when she became disabled, a sufficient number of jobs existed which plaintiff could perform considering her residual functional capacity ("RFC"), age, education, and past work experience. Relying on the testimony of the vocational expert, the Commissioner determined that "[Plaintiff] was capable of making a successful adjustment to other work that existed in significant numbers in the national economy," and was therefore not disabled prior to December 9, 2012.

As of that date, however, the Commissioner found that Plaintiff's age category changed, making her a "person of advanced age." R. at 22. The Commissioner determined that pursuant to Medical-Vocational Rule 202.06, and "considering [her] age, education, and work experience," as well as her RFC, Plaintiff became disabled on December 9, 2012. R. at 24.

**D. Discussion**

Plaintiff has made the following assignment of error. First, the ALJ and Appeals Council erred by 1) applying the age categories mechanically and failing to consider whether to use the older age category after evaluating the overall impact of all the factors in the case; (2) failing to follow the requisite two-step process in evaluating the opinion of Plaintiff's treating physician, Dr. Malta; and (3) rejecting the opinion of the consultative examiner, Dr. Britt, without considering the relevant factors listed in 20 C.F.R. § 404.1527(c).

4

### 1. First Assignment of Error

Plaintiff first contends that the ALJ and Appeals Council erred by failing to consider whether to apply the "person of advanced age" category in assessing plaintiff's disability claim. In deciding whether a claimant is disabled under § 404.1520(g)(1), that is, in assessing under step five of the sequential analysis whether a claimant can make an adjustment to "other work," the Commissioner considers a claimant's age in combination with the claimant's residual functional capacity, education, and work experience. In considering a claimant's age while making this assessment, the Commissioner uses three age categories: younger person, person closely approaching advanced age, and person of advanced age. 20 C.F.R. § 404.1563.

The parties agree that the age categories are not to be applied mechanically in a "borderline situation." In such a situation, the Commissioner makes the following determination:

> If a claimant is within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 1563(b).

Plaintiff contends that hers is such a "borderline situation," and that the Commissioner failed to consider whether the older age category should have been applied in the six months preceding December 9, 2012, Plaintiff's fifty-fifth birthday. On that date, Plaintiff became disabled pursuant to the applicable Medical-Vocational Guidelines when her age category changed from a "person closely approaching advanced age" to a "person of advanced age." Section 202, 20 C.F.R. § 404app. 2.

A review of the Commissioner's decision, however, clearly indicates that she was aware of the differing age categories and even cited § 404.1563 in her decision, the provision which explains that the Commissioner will not apply the age categories mechanically in a borderline situation. This provision further explains that the Commissioner will "consider whether to use the older age category after evaluating the overall impact of all the factors of your case." 20 C.F.R. § 404.1563(b).

The record clearly indicates that the Commissioner was aware that in such a borderline situation the age categories should not be applied mechanically. The Commissioner explained that "[w]hen the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations." R. at 23.

The Commissioner did not apply the age categories mechanically. To the contrary, the Commissioner conducted an individual analysis of Plaintiff's disability claim considering all relevant factors. The Commissioner clearly was aware that Plaintiff's ability to perform light work was "impeded by additional limitations," and therefore consulted a vocational expert to determine whether jobs existed in the national economy which a hypothetical individual with such limitations could perform. R. at 23, 47. Review of the Commissioner's determination quite clearly indicates that her evaluation of Plaintiff's disability prior to her becoming a person of advanced age was an individualized analysis based on the "overall impact of all the factors of your case." 20 C.F.R. § 404.1563(b). The Commissioner relied on the vocational expert's opinion, and considered Plaintiff's age, education, work experience, and RFC in her

determination that Plaintiff "was capable of making a successful adjustment to other work that existed in significant umbers in the national economy." R. at 23.

Plaintiff completely ignores the Commissioner's reliance on the vocational expert and the individualized analysis included in her determination. Ironically, Plaintiff's contention must be that the Commissioner is under a mechanical requirement to specifically state in her determination that she has not applied the age categories mechanically. Yet Plaintiff has provided the court with no authority supporting such requirement. This portion of Plaintiff's motion is denied.

## II. Second Assignment of Error

Plaintiff next contends that the Commissioner failed to properly determine the weight to be afforded to Plaintiff's treating physician by failing to follow the "two-step process" in 20 C.F.R. § 404.1527(c).

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). The opinion of a treating physician is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2).

> If a physician's opinion is not given controlling weight, then the "factors listed below" and in paragraphs (d)(3) through (5) used to determine the amount of weight to be given it are (1) the length of the treatment relationship and the frequency of examination ("the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"); (2) the nature and extent of the treatment relationship; (3) supportability ("the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"); (4) consistency ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"); and (5) specialization ("[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to

7

the opinion of a source who is not a specialist"). Id. The regulation also makes clear, however, that the ultimate determination of disability is reserved for the Commissioner, and "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 416.927(e)(1).

Pittman v. Massanari 141 F.Supp.2d 601, *608 (W.D.N.C. 2001)(Horn, C.M.J.).

In support of her disability claim, Plaintiff submitted a medical source statement from Dr. Katherine Malta, dated March 8, 2012. The Commissioner noted Dr. Malta's opinion on Plaintiff's limitations but assigned the opinion "little weight." First, the Commissioner discussed Dr. Malta's opinion on Plaintiff's physical limitations and assigned it little weight as it was unsupported by her treatment notes, and because Dr. Malta had only treated Plaintiff twice before issuing her statement. The Commissioner also noted Dr. Malta's hesitation to provide the medical source statement since she had not been treating Plaintiff's back pain. R. at 21, 380. Dr. Malta expressed that it was "difficult for [her] to accurately answer questions beyond what the patient herself can tell [her]." Id. The Commissioner then separately discussed Dr. Malta's opinion on Plaintiff's psychological limitations including depression, anxiety, and frequent crying. The Commissioner likewise assigned Dr. Malta's opinion little weight as Dr. Malta had only seen Plaintiff twice before issuing her opinion and because her opinion was not supported by the record.

The court has reviewed the record and determined that the Commissioner's evaluation of Dr. Malta's opinion is supported by substantial evidence. To begin, that Dr. Malta had only examined Plaintiff twice before issuing her medical source statement undermines Plaintiff's contention that Dr. Malta even qualifies as a treating physician. "A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time." Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). Section 404.1527(c)(2), the provision cited by

8

Plaintiff, explains that treating sources are generally granted more weight in the disability determination because they are more likely to be able to provide a "detailed, longitudinal picture of [a claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). Here, the Commissioner determined that Dr. Malta was not privy to such a "detailed, longitudinal picture" of Plaintiff's impairments because (1) the doctor had only seen plaintiff twice before issuing her opinion and (2) she was not the treating physician for Plaintiff's back pain.

In addition, substantial evidence exists to support the Commissioner's determination that Dr. Malta's medical source statement is not supported by her treatment notes. The Commissioner determined that Dr. Malta's notes "document no abnormal examination findings relating to her assigned limitations." R. at 21, and a review of such notes confirms that substantial evidence exists to support such a finding. With regard to Plaintiff's mental RFC Dr. Malta's notes document that Plaintiff complained of depression, frequent crying spells and difficulty concentrating. After reviewing Dr. Malta's treatment notes, the Commissioner explained his decision to afford the doctor's opinion little weight as the treatment notes included no documentation regarding the additional limitations noted in the medical source statement. R. at 22.

The Commissioner likewise determined that the doctor's report on Plaintiff's physical RFC was unsupported by her treatment notes. While the treatment notes document Plaintiff's complaints of back pain, they also note the doctor's hesitancy to provide the medical source statement. Dr. Malta had only seen Plaintiff twice before issuing her opinion and she admitted that she found it difficult to provide any information beyond what the Plaintiff had told her.

The Commissioner properly evaluated Dr. Malta's opinion under § 404.1527(c). Having determined that the doctor's opinion should not be afforded controlling weight, the

Commissioner evaluated the doctor's opinion by considering the factors listed in (c)(1)(i)-(ii) and (c)(3)-(c)(5). Specifically, the Commissioner noted that he considered the extremely short length of the treatment relationship, the nature and extent of the treatment relationship, the supportability of the doctor's opinion, as well as its consistency. The court finds that substantial evidence exists to support the Commissioner's determination.

Plaintiff further contends that the Commissioner erred by granting the nonexamining medical consultant's opinion "great weight" when she did not have any of the records from Southeast Pain Care or Dr. Malta. Inasmuch as the ALJ is engaged in a determination of work disability, the opinions obtained from nonexamining medical sources (such as state agency physicians) may be entitled to greater weight than the opinions of treating or examining sources. SSR 96-6p. The opinion of a nonexamining physician can, therefore, constitute substantial evidence in support of the ALJ's decision when it is consistent with the record. Smith v. Schweicker, 795 F.2d 343, 345-346 (4th Cir. 1986); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).20 C.F.R. § 404.1527(d)(3) (2007) (the weight afforded to a medical opinion depends upon the amount of relevant evidence, particularly medical signs and laboratory findings, provided in support of the opinion). Here, the Commissioner granted great weight to Dr. Warren's opinion because it was consistent with the evidence of record, to wit, Plaintiff's diagnosis of degenerative disc disease. R. at 20. Plaintiff contends that the Commissioner erred by granting Dr. Warren's opinion "controlling weight." A review of the record indicates that the Commissioner granted Dr. Warren's opinion great weight inasmuch as it was consistent with the other evidence of record. The court finds that substantial evidence exists to support the Commissioner's determination and Plaintiff's motion on this contention as well.

### III. Third Assignment of Error

Plaintiff next contends that the Commissioner erred in rejecting the opinion of Dr. Britt, the psychological examiner, without first considering the factors in 20 C.F.R. § 404.1527(c) and without explaining his decision.  Plaintiff contends that the Commissioner never explained why she granted Dr. Britt's opinion little weight.  Plaintiff contends that the Commissioner erred by failing to consider Section 404.1527(c)(1) which and (c)(5).  A review of the record reveals that the Commissioner's determination to grant Dr. Britt's opinion little weight is supported by substantial evidence.

The Commissioner's final determination reveals that she considered and evaluated Dr. Britt's opinion, and accepted that portion of the doctor's report that was consistent with the evidence of record.  Contrary to Plaintiff's assertion, the Commissioner explained why he granted portions of Dr. Britt's opinion little weight, namely that those portions were "inconsistent with the other substantial evidence in the case record."  20 C.F.R. § 4404.1527(c)(2).

As Plaintiff's contention is that the Commissioner committed a <u>procedural error</u> rather than a substantive disagreement over the weight attributed to Dr. Bitt's opinion, the court will not address this matter further.  The Court has reviewed the record and determined that the Commissioner evaluated Dr. Britt's opinion and afforded little weight to those portions of his opinion that were inconsistent with the evidence of record.  This portion of Plaintiff's motion is denied.

### E.    Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ

is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment (#11) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (#13) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: April 1, 2014

Max O. Cogburn Jr.
United States District Judge